**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 04-38240 |
| | ) | |
| John DeBoer Enterprises, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

### APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period April 8, 2005 through September 28, 2011. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $6,910.50 for 25.00 hours and requests that the court order allow and direct payment to it of $123.44 for reimbursement of expenses incurred in connection with its legal services. IFG Chtd. previously was awarded attorneys' fees for services rendered during the period October 14, 2004 through April 7, 2005 in the amount of $10,500.00 for 50.90 hours and $250.50 for reimbursement of expenses incurred in connection with its legal services. In support of this application, IFG Chtd. respectfully states as follows:

### BACKGROUND

1. On October 14, 2004, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by the Debtor. Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of John DeBoer Enterprises, Inc.

2. Through her administration and liquidation of the Estate, Trustee has sold assets of the Debtor who was a beverage transportation company. which yielded a approximately $51,500.00 for the Estate. All is available for administrative claims and

payment to unsecured creditors.

**RETENTION AND QUALIFICATION OF IFG CHTD.**

3. On November 15, 2004 this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee retroactively to October 14, 2004.  A copy of said Order is available on the Court's docket.

4. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

**ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY**

5. Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable.  All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein.  In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved.  IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).  The Trustee believes this rate to be at or below the rates charged by attorneys of similar experience for similar work.

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).  In those instances in which more than one task is

contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

6. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A. The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered.

### ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

7. IFG Chtd. incurred expenses in the amount of $123.44 in connection with its representation of the Trustee during the period of April 8, 2005 through September 28, 2011 for which it now requests reimbursement. IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989). IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries. An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit "B". IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges. In re Adventist Living Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest. For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed

absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

**Closing\Claims**

8. Counsel for the Trustee prepared and negotiated objections and resolutions to eight claims. They prepared stipulations, withdrawals of claims and objections to claims. Counsel for the Trustee prepared the necessary pleadings to close this Estate, filed requests for prompt determination of tax liability (Counsel has chosen not to bill this time) and will appear at the necessary Court hearings to close the Estate.

In connection with the above services, IFG Chtd. expended 14.70 hours, for which it seeks compensation in the amount of $4,218.00 for fees and $68.00 for reimbursed expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 13.90 hours | $300.00 | $4,170.00 |
| RE | .80 hours | $ 60.00 | $    48.00 |
| TOTAL | 14.70 hours | | $4,218.00 |
| | | Expenses | $   68.00 |
| TOTAL | | | $4,286.00 |

**Retention\Compensation of Professionals**

9 Counsel for the Trustee prepared the pleadings necessary and appeared in Court as needed to retain counsel, auctioneer and accountants for the Trustee. Counsel for the Trustee prepared the fee petition for the auctioneer and an interim fee petition for Counsel to the Trustee. In addition, Counsel for the Trustee prepared both the final fee petitions for Counsel and the Trustee as well as the final fee application for the accountants.

In connection with the above services, IFG Chtd. expended 10.30 hours, for which it seeks compensation in the amount of $2,692.50 for fees and reimbursement of it's expenses in the amount of $55.44. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 6.00 hours | $240.00 | $1,440.00 |
| IFG | 1.50 hours | $275.00 | $ 412.50 |
| IFG | 2.80 hours | $300.00 | $ 840.00 |
| TOTAL | 10.30 hours | | $2,692.50 |
| | | Expenses: | $ 55.44 |
| TOTAL | | | $2,747.94 |

## CONCLUSION

10. The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

11. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

12. IFG Chtd. has filed a prior application for compensation and reimbursement of expenses in this case. Accordingly, pursuant to §330 of the Code, IFG Chtd. may present this application for final compensation.

14. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

A. Allowing and directing payment to Law offices of Ilene F. Goldstein, Chartered final compensation in the amount of $6,910.50 for the actual, necessary and valuable professional services rendered to the Trustee during the period April 8, 2005 through September 28, 2011.

B. Allowing and directing payment to Law offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $123.44 incurred in connection with such services;

C. Finding the previous award as interim compensation in the amount of $10,500.00 for the actual, necessary and valuable professional services rendered to the Trustee, and the reimbursement for its actual and necessary expenses of $250.50 incurred in connection with such services; during the period October 14, 2004 through April 7, 2005 were necessary and are allowed as final compensation

D. For such other and further relief as this Court deems appropriate.

                        Respectfully submitted by:
                        Law offices of Ilene F. Goldstein, Chartered

                        By: /s/ Ilene F. Goldstein
                              One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Ave., Suite 200
Highland Park, Illinois 60035
(847) 926-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 6.00 hours | $240.00 | $1,440.00 |
| IFG | 1.50 hours | $275.00 | $ 412.50 |
| IFG | 16.70 hours | $300.00 | $5,010.00 |
| RE | .80 hours | $ 60.00 | $ 48.00 |
| TOTAL: | 25.00 hours | | $6,910.50 |

## TIME SUMMARY BY CATEGORY

| | Fees | Expenses | Total Billed |
|---|---|---|---|
| Objections to Claims | $4,218.00 | $68.00 | $4,286.00 |
| Retention/Compensation Of Professionals | $2,692.50 | $55.44 | $2,747.94 |
| TOTAL | $6,910.50 | $123.44 | $7,033.94 |